IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01987-MSK-KLM

OLOYEA D. WALLIN,

    Plaintiff,

v.

SHANAMAN,
JONES,
MINJAREZ,
EQING,
COSNER,
JOHN DOE,
ARISTEDES ZAVARAS, Executive Director of CDOC,
CROWLEY COUNTY FACILITY, and
JANE DOE OF CDOC Medical,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants Shanaman, Jones, Minjarez, Ewing, Cosner, and Zavaras' ("CDOC Defendants") **Motion to Stay Discovery** [Docket No. 19; Filed November 19, 2008] (the "Motion"). Plaintiff, *pro se*, filed a Response in opposition to the Motion on December 16, 2008 [Docket No. 25], and CDOC Defendants filed a Reply on December 24, 2008 [Docket No. 28]. The Motion has been fully briefed and is ripe for resolution.

    IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part and DENIED in part** for the reasons set forth below.

Although a stay of discovery is generally disfavored, the Court has broad discretion to stay an action while a dispositive motion is pending pursuant to Fed. R. Civ. P. 26(c). *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished decision). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). The Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese*, 2006 WL 894955, at * 2 (denoting a five-part test). The Court considers: (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.* Here, those factors weigh in favor of entry of a stay.

First, the Court balances Plaintiff's desire to proceed expeditiously with his case against the burden on CDOC Defendants of going forward. *Id.* There can be no doubt that Plaintiff has an interest in proceeding expeditiously, but his interest is offset by CDOC Defendants' burden. Here, CDOC Defendants filed a Motion to Dismiss the claims against them based, in part, on jurisdiction and immunity grounds [Docket No. 16]. Courts have routinely recognized that discovery may be inappropriate while the issue of immunity or other jurisdictional questions are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226,

231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2-5 (D.D.C. 2001) (same). On balance, the Court finds the potential harm to Plaintiff of a stay is outweighed by the burden on CDOC Defendants resulting from conducting and responding to discovery while their Motion to Dismiss is pending.

The Court also considers its own convenience, the interest of nonparties, and the public interest in general. I find that these factors weigh in favor of granting a stay, at least in part. In fact, the Court notes that neither its nor the parties' time is well-served by being involved in the "struggle over the substance of suit" when, as here, a fully dispositive motion involving jurisdiction and immunity is pending. *See Democratic Rep. of Congo v. FG Hemisphere Assocs., LLC*, No. 07-7047, 2007 WL 4165397 at *2 (D.C. Cir. Nov. 27, 2007) (unpublished opinion) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *see Chavous*, 201 F.R.D. at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" (citations omitted)). Further, the Court identifies no particular interest of persons not parties to the litigation or the public in general. Therefore, the Court finds

that a stay of discovery, at least in part, is warranted.

However, the mere pendency of a Motion to Dismiss on the grounds of jurisdiction or immunity does not necessarily entitle CDOC Defendants to a complete and indefinite stay of all discovery directed to them in this case. The Court considers whether to limit the stay by allowing Plaintiff to seek discovery from CDOC Defendants: (1) regarding Plaintiff's claims against them in their official capacities; and (2) regarding his claims for injunctive relief. *See Rome v. Romero*, 225 F.R.D. 640, 643-45 (D. Colo. 2004).

As to the first consideration, it may be reasonable to allow discovery against CDOC Defendants to the extent that there are contested facts regarding the underlying incident which forms the basis for Plaintiff's official capacity claims. However, because the pending dispositive motion is a Motion to Dismiss rather than a motion for summary judgment, and Plaintiff's ability to respond to the motion does not necessarily depend upon discovery, the Court finds that discovery against CDOC Defendants as it relates to claims against them in their official capacity is not warranted.[1] This recognition is consistent with *Rome* in that although the Court contemplated discovery during the pendency of a stay against the individual defendants who were also being sued in their official capacities, such discovery appeared to be limited to contested facts at issue regarding the pending motion for summary judgment. *See id.* at 643-44. Accordingly, to the extent that the Motion seeks

---

[1] In an unrelated pending motion, which has not been referred to this Court, Plaintiff requests an extension of time to respond to the Motion to Dismiss while he seeks documents from nonparties regarding his state law tort claims [Docket No. 27]. In the event that Plaintiff cannot secure the documents at issue, he informs the Court that he will submit his response without such documents. As Plaintiff does not appear to seek discovery regarding these documents from CDOC Defendants, and has indicated a plan to submit his response without the documents if he cannot ultimately secure them, the Court is not prompted to reach a different result here.

a stay of discovery as to claims brought against CDOC Defendants in their official capacity, the Motion is **granted**.

As to the second consideration, CDOC Defendants' qualified immunity defense only shields them from discovery related to claims for monetary damages. *See id.* at 643. CDOC Defendants ask me to distinguish the holding in *Rome* that discovery shall proceed on injunctive issues during the pendency of a stay because they argue that Plaintiff is not entitled to injunctive relief on the facts alleged. This Motion is not the proper avenue for the Court to assess the merits or sufficiency of Plaintiff's injunctive requests. Moreover, while CDOC Defendants' argument about the inefficiency of imposing partial stays is well taken, the holding in *Rome* is clear. As such, "discovery requests . . . relating to any claim for declaratory or injunctive relief . . . are properly made" during the pendency of the stay. *Id.* at 645. The Court does not prejudge the type of discovery Plaintiff may propound, but notes that he must strictly limit his discovery requests to CDOC Defendants to issues related to his claims for injunctive relief. Accordingly, to the extent that the Motion seeks a stay of discovery as to claims related to injunctive relief asserted against CDOC Defendants, the Motion is **denied**.

IT IS FURTHER **ORDERED** that discovery as to CDOC Defendants is **STAYED** pending resolution of the Motion to Dismiss [Docket No. 16], **except that Plaintiff is entitled to seek discovery from CDOC Defendants related to his claims for injunctive relief**. Discovery is not stayed in any fashion as between Plaintiff and the other named Defendants who have not sought a stay of discovery.

Dated: January 5, 2009

BY THE COURT:

 s/ Kristen L. Mix 
U.S. Magistrate Judge
Kristen L. Mix