IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01987-MSK-KLM

OLOYEA D. WALLIN,

     Plaintiff,

v.

SHANAMAN,
JONES,
MINJAREZ,
EQING,
COSNER,
JOHN DOE,
ARISTEDES ZAVARAS, Executive Director of CDOC,
CROWLEY COUNTY FACILITY, and
JANE DOE OF CDOC Medical,

     Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Motion for Extra-Ordinary [sic] Relief in Compelling Discovery Legal Mail Logs from Colorado Department of Corrections** [Docket No. 34; Filed January 12, 2009] and **Motion for Extra-Ordinary [sic] Relief in Compelling the Colorado Department of Corrections to Make Adequate Photocopies in this Action in Order to Comply with Fed. R. Civ. P. 5** [Docket No. 35; Filed January 12, 2009] (collectively the "Motions").

     IT IS HEREBY **ORDERED** that the Motions are **DENIED**.  The Motions are improper in that they seek to have the Court order nonparties to act.  Further, to the extent that the Motions pertain to documents that Plaintiff would like to obtain in discovery, the Motion does not comply with D.C. Colo. L. Civ. R. 37.1 in that the discovery requests at issue and the party's objections to them are not attached.  Finally, to the extent that Plaintiff asks the Court to Order nonparty prison officials to deviate from their photocopying policies, which he says unreasonably prejudices his ability litigate his case and comply with Fed. R. Civ. P. 5, the Court reminds Plaintiff that he is a voluntary litigant in a federal lawsuit and is also subject to the rules and conditions imposed upon him by virtue of his incarceration.  This Court will not interfere with the day-to-day operations of the prison and leaves the issue of photocopying to the broad discretion of prison administrators to enable them to manage

prisons safely and effectively.  *See Sandin v.* Connor, 515 U.S. 472, 482 (1995); *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454 (1989).  The Court also notes that given Plaintiff's status of incarceration, he is afforded considerable leeway regarding his compliance with Fed. R. Civ. P. 5, which generally makes the extraordinary relief requested by Plaintiff unnecessary.

Dated:  January 14, 2009