IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01987-MSK-KLM

OLOYEA D. WALLIN,

        Plaintiff,

v.

SHANAMAN,
JONES,
MINJAREZ,
EWING,
COSNER,
ARISTEDES ZAVARAS,
CROWLEY COUNTY CORRECTIONAL FACILITY,
NELSON,
HOLST,
BROWN,
BELL,
ALLEN,
JANE DOE OF CDOC Medical,
JOHN DOE, and
JANE DOE,

        Defendants.

## ORDER OF REMAND

**THIS MATTER** comes before the Court on Plaintiff Oloyea D. Wallin's Motion to Remand **(#17)**, Defendant Crowley County Correctional Facility's ("CCCF") Response **(#24)**, and Mr. Wallin's Reply **(#26)**.[1]  Mr. Wallin appears *pro se* in this matter.

---

[1] Mr. Wallin filed a Motion for Extension of Time to File Objection to Removal of Action **(#13)**. The Motion for Extension was previously terminated, in error, as moot **(#18)**.  Upon reconsideration, the Motion for Extension is **GRANTED** for good cause shown.  28 U.S.C. § 1447(c) provides that a motion to remand for any defect other than subject matter jurisdiction must be filed within 30 days of removal. The Notice of Removal **(#1)** was filed on September 15, 2008.  Thus, the original deadline for a motion to remand was October 15, 2008.  Notwithstanding the October 27, 2008 filing date on his Motion for

## I. Background

Mr. Wallin is an inmate. He filed his Complaint **(#1-2)** on June 20, 2008, in El Paso County District Court. The complaint asserts 26 claims for relief arising from the alleged improper handling of his personal property at various correctional facilities and the alleged improper denial of medical treatment. The Complaint asserts five claims against CCCF: (1) violation of Mr. Wallin's constitutional right of access to the courts; (2) violation of his constitutional right to due process; (3) violation of his constitutional right to equal protection; (4) a state law tort claim for negligence; and (5) a state law tort claim for conversion[2] **(#1-2, ¶¶ 44-48)**. All five claims asserted against CCCF arise from a common factual nucleus, namely that on October 30, 2006, a correction officer at CCCF confiscated some of Mr. Wallin's personal belongings that subsequently became missing **(#1-2, ¶¶ 22-24)**.

CCCF was served with the Complaint on August 25, 2008. On September 15, 2008, CCCF filed its Notice of Removal **(#1)** to this Court.[3] The Notice states that removal is

---

Extension, Mr. Wallin is incarcerated and the prison mailbox rule governs. *See Price v. Philipot*, 420 F.3d 1158, 1163-65 (10th Cir. 2005)(*pro se* prisoner's document considered timely if submitted to prison officials for mailing prior to filing deadline, regardless of when the court receives the document). The Motion for Extension is dated October 10, 2008 and indicates that Mr. Wallin placed it in the internal mail system of Colorado Territorial Correctional Facility on that same date, and is thus timely. The Motion for Extension requests an additional 30 days to file a motion to remand. Therefore, the Court's granting of the extension gave Mr. Wallin up to and including November 14, 2008 to file a motion to remand. Mr. Wallin filed his Motion to Remand on November 14, 2008, and it is timely.

[2]Mr. Wallin styles this claim "Conversion Claim against the taking of property without Due Process by the defendant CCCF." A separate claim is styled "Constitutional Due Process Violation by the taking of Wallin's property by the defendant CCCF." Because Mr. Wallin asserts a separate constitutional due process claim based on the taking of his property, the Court construes the conversion claim as one under state tort law irrespective of Mr. Wallin including the language "Due Process" in stating the conversion claim. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)(a court liberally construes claims asserted by a *pro se* plaintiff).

[3]Although not explicit in the parties' filings, it is undisputed that the remaining defendants were served with the complaint prior to CCCF filing its Notice of Removal. Furthermore, representations

2

appropriate pursuant to 28 U.S.C. §§ 1441 and 1331, as the state court complaint asserts that CCCF violated Mr. Wallin's rights of access to the courts, due process and equal protection under the United States Constitution. The Notice of Removal is not signed by any other defendant. Moreover, no other defendant filed any document stating a position on removal within 30 days of being served with the complaint.

On September 22, 2008, Defendants Shanaman, Jones, Minjarez, Ewing, Cosner and Zavaras moved this Court for an extension of time to respond to the Complaint **(#6)**. This Motion acknowledges CCCF's removal of the case to this Court but does not offer any position on the removal or its propriety.

In his Motion to Remand, Mr. Wallin argues that removal was defective because the Notice of Removal was filed by CCCF alone and not joined by the remaining defendants. He requests that the case be remanded to state court.

CCCF responds that under 28 U.S.C. § 1441(c), its removal of this action was proper without joinder of the remaining defendants because Mr. Wallin's claims against CCCF are separate and independent from his claims against the remaining defendants. CCCF also responds that the remaining defendants consented to removal insofar as they entered an appearance before this Court without objecting to removal.[4]

## II. Analysis

Any civil action brought in state court over which the federal district courts have original

---

made jointly by the remaining defendants support this fact. *See* Docket #6, ¶¶ 4 and 5.

[4]CCCF also urges that the Motion to Remand be denied as untimely. The Court rejects this argument. *See* n.2, *supra*.

jurisdiction may be removed by the defendant, or defendants, to the federal district court within the district where the action is pending. 28 U.S.C. § 1441(a). Any defendant, or defendants, desiring to remove such a civil action shall file a notice of removal containing a brief statement of the grounds supporting removal. 28 U.S.C. § 1446(a). A defendant seeking removal bears the burden of establishing its right to removal, including its compliance with the procedural requirements underlying removal. *See Dawson v. Orkin Exterminating Co., Inc.*, 736 F.Supp. 1049, 1050 (D.Colo. 1990). This burden is heavy because federal courts employ a presumption against removal jurisdiction. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

Generally, all defendants to an action must join in removal. *See Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981). Remand is appropriate if all defendants do not join in the removal. *See Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *see also Liebau v. Columbia Cas. Co.*, 176 F.Supp.2d 1236, 1243 (D.Kan. 2001)(citing *Cornwall, supra*).

Exceptions do exist to the "rule of unanimity" that all defendants must join in removal. The only such exception relevant to this matter involves removal pursuant to 28 U.S.C. § 1441(c), which permits removal if the plaintiff asserts a removable federal question claim that is "separate and independent" from one or more otherwise non-removable claims asserted by the plaintiff. A single defendant against whom such a separate and independent removable claim is made may remove an action pursuant to Section 1441(c) without the joinder of co-defendants who do not similarly have separate and independent removable claims asserted against them. *See Thomas v. Shelton*, 740 F.2d 478, 483 (7th Cir. 1984); *see also P.P Farmers' Elevator Co. v. Farmers Elevator Mutual Insurance Co.*, 395 F.2d 546, 548 (7th Cir. 1968).

To invoke this exception to unanimous joinder CCCF must first establish that Section

1441(c) provides a basis for its removal of this case. If Section 1441(c) provides a basis for removal, CCCF must further establish that no other defendant was faced with a claim that could be removed pursuant to Section 1441(c).

Primarily, the Court makes two observations. First, Mr. Wallin filed an amended complaint **(#69)** on April 8, 2009. However, the propriety of removal premised upon separate and independent claims under Section 1441(c) is determined by the state of the pleadings at the time of removal. *See Gray v. New Mexico Military Institute*, 249 F.2d 28, 30 (10th Cir. 1957). Accordingly, the Court's analysis here is limited to examination of Mr. Wallin's original complaint. Second, CCCF did not specify in its Notice of Removal that removal was premised upon Section 1441(c). This omission arguably runs afoul of the requirement in 28 U.S.C. § 1446(a) that a removing defendant state the basis for removal in its notice, and remand might be warranted on this basis alone. However, due to the substantial activity in this case subsequent to removal, the Court elects to examine CCCF's arguments on their merits.

28 U.S.C. § 1441(c) provides:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

The 10th Circuit has interpreted Section 1441(c) to apply where a state court complaint alleges two or more claims, at least one of the claims is separate and independent from the others, and an action brought on the separate and independent claim alone would be removable. *See Snow v. Powell*, 189 F.2d 172, 174 (10th Cir. 1951). Furthermore, the terms "separate" and "independent" should be applied conjunctively in order to carry out Congress' intent to limit

removable cases. *Id*. In this context, the term "separate" means distinct, apart from and not united or associated; the term "independent" means not relying upon something else for support, self-sustaining, and not contingent or conditioned. *Id.* The Supreme Court has concluded that no separate and independent claim or cause of action exists under Section 1441(c) when a plaintiff asserts multiple claims for relief stemming from a single injury, even when some of those claims are otherwise removable and some are not. *American Fire and Casualty Co. v Finn*, 341 U.S. 6, 14 (1951).

Several cases are illustrative in applying Section 1441(c) to the present matter. In *Dunn v. Ayre*, 943 F.Supp. 812 (E.D.Mich. 1996), the plaintiff asserted a state tort claim and a federal constitutional claim that both arose out of the same factual scenario, the alleged damage to and vandalism of the plaintiff's property. The court held that the case was not removable under Section 1441(c) because the removable federal claim and the non-removable state tort claim were based on identical facts and therefore were not separate and independent. *Dunn*, 943 F.Supp. at 814. Relying in part on *Finn*, *supra*, the court reasoned:

> Claims are not separate and independent simply because they are asserted in different causes of action or in separate counts or derive from different primary rights. Rather, the claims must arise from different sets of acts or transactions and different wrongs inflicted upon the plaintiff.

*Id.*

In *Nabors v. City of Arlington*, 688 F.Supp. 1165 (E.D.Tex. 1988), the plaintiff brought claims in state court against his former municipal employer for retaliatory discharge in violation of state law, breach of contract and violation of 42 U.S.C. § 1983. The employer removed the case to federal court because the Section 1983 claim raised a federal question. In response to plaintiff's motion to remand, the defendant asserted that removal was proper under Section

1441(c). All three claims stemmed from a single alleged wrong, namely that the defendant unlawfully terminated the plaintiff in retaliation for filing a workers' compensation claim. The court held that the three claims were not separate and independent, and therefore Section 1441(c) did not provide a basis for removal. *Nabors*, 688 F.Supp. at 1167. "While the proof or relief sought is perhaps different under his various claims, plaintiff's termination is the only legal wrong suffered by him." *Id.* (internal quotation omitted).

In *Eastus v. Blue Bell Creameries*, 97 F.3d 100 (5th Cir. 1996), the 5th Circuit followed the reasoning used by the district court in *Nabors*. In *Eastus*, the plaintiff brought claims in state court against his former employer for violation of the Family Medical Leave Act and intentional infliction of emotional distress. The employer removed the case to federal court because the FMLA claim raised a federal question. Both claims stemmed from a single alleged wrong, namely the plaintiff's unlawful termination. The district court held that the two claims were not separate and independent pursuant to Section 1441(c) because they merely raised alternative theories of recovery for a single wrong. *Eastus*, 97 F.3d at 105.

In the present matter, Mr. Wallin asserts two state law tort claims against CCCF and three constitutional violation claims against CCCF. These claims assert five different theories of recovery for a single alleged injury, namely CCCF's unlawful handling of Mr. Wallin's personal property. Although the claims may derive from different primary rights, they do not derive from different acts or transactions. Indeed, the claims are associated by their common factual underpinning. The parties are not diverse and therefore the two state law tort claims would not be removable on their own. Under these circumstances, the Court finds that the removable federal question claims asserted against CCCF are not separate and independent from the non-

removable state law tort claims asserted against CCCF.  Therefore, 28 U.S.C. § 1441(c) does not provide a basis for removing this action to this Court.  Accordingly, 28 U.S.C. § 1441(c) does not provide an exception to the rule of unanimity requiring all defendants to join in CCCF's Notice of Removal.

The Court now turns to CCCF's argument that the remaining defendants consented to removal by entering their appearance before this Court, through their Motion for Extension of Time to Respond to Complaint, without stating an objection to removal.  The Court rejects this argument.

Although all defendants to an action are not required to sign a notice of removal, they must affirmatively express their joinder in writing.  *See Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994)(statement in notice of removal that all other defendants consented to removal not sufficient to find that other defendants joined in removal), *abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).  A defendant's passive acquiescence is not sufficient to establish its joinder in removal.  *See Mehney-Egan v. Mendoza*, 124 F.Supp.2d 467, 471 (E.D.Mich. 2000).

The remaining defendants' Motion for Extension did not address their position with regard to removal.  As stated above, the remaining defendants were required to voice at least some type of affirmative consent in order to join in removal.  CCCF argues that the remaining defendants' failure to object to the removal can be taken as their consent.  Employing this same logic, the remaining defendants' failure to object to Mr. Wallin's Motion to Remand could be taken as their consent to that Motion, a conclusion with which the Court safely presumes CCCF would not agree.  Furthermore, the remaining defendants entering their appearance before this

Court by filing a motion does not evidence their consent to removal.  Once CCCF removed this action, this Court obtained exclusive domain over the litigation.  In order to protect their interests and right to defend, the non-removing defendants had no choice but to avail themselves to the relief available through this Court regardless of their position on removal.

### III. Conclusion

**IT IS ORDERED** that Mr. Wallin's Motion to Remand **(#17)** is **GRANTED**.  This action is **REMANDED** to the El Paso County District Court.

Dated this 1st day of May, 2009

**BY THE COURT:**

Marcia S. Krieger
United States District Judge