IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-01987-MSK-KLM

OLOYEA D. WALLIN,

        Plaintiff,

v.

SHANAMAN,
JONES,
MINJAREZ,
EWING,
COSNER,
ARISTEDES ZAVARAS,
CROWLEY COUNTY CORRECTIONAL FACILITY,
NELSON,
HOLST,
BROWN,
BELL,
ALLEN,
JANE DOE OF CDOC Medical,
JOHN DOE, and
JANE DOE,

        Defendants.

**ORDER DENYING MOTION FOR COSTS AND
DENYING AS MOOT MOTION FOR STATUS**

**THIS MATTER** comes before the Court on Plaintiff Oloyea D. Wallin's Motion for Costs and Fees **(#91)**, to which the Defendants responded **(#92)**, and Mr. Wallin replied **(#94)**; and Mr. Wallin's Motions for Status **(#96, #98)** regarding his Motion for Costs. Having considered the same, the Court **FINDS** and **CONCLUDES** that Mr. Wallin's motion shall be denied for the reasons stated herein.

Mr. Wallin is incarcerated at the Defendant Crowley County Correctional Facility

Case 1:08-cv-01987-MSK-KLM   Document 99   Filed 02/16/10   USDC Colorado   Page 2 of 3

("CCCF"). He initiated this action on June 20, 2008, in El Paso County District Court asserting 26 claims for relief arising from the alleged improper handling of his personal property and the alleged improper denial of medical treatment at various correctional facilities. Of these claims, only five are asserted against CCCF—two state law tort claims and three constitutional violation claims—and they all relate only to CCCF's unlawful handling of Mr. Wallin's personal property.

Without the consent of any other defendant, CCCF removed to this Court on September 15, 2008 asserting federal question jurisdiction. Mr. Wallin sought remand arguing that removal was defective because the Notice of Removal was filed by CCCF alone and not joined by the remaining defendants. CCCF responded that removal without joinder was proper pursuant to 28 U.S.C. § 1441(c) because Mr. Wallin's claims against CCCF are separate and independent from his claims against the remaining defendants.

By written order dated May 1, 2009, the Court granted Mr. Wallin's motion for remand concluding that the claims against CCCF were not separate and independent from the other non-removable state law tort claims. Therefore, section 1441(c) did not excuse CCCF's failure to get the consent of the other defendants prior to removal and removal was improper.

Mr. Wallin now seeks an award of the costs associated with the remand. Pursuant to 28 U.S.C. § 1447(c), an order remanding a case may include an award of costs and actual expenses, including attorney fees, that were incurred as a result of the removal. Whether an award of costs is appropriate is left to the sound discretion of the district court. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The Court is guided, however, by the standards articulated by the Supreme Court. Awards of costs and fees are not appropriate merely because removal is ultimately determined to be improper. Instead, costs are only appropriate if the removing party

lacked an "objectively reasonable basis" for removing the case. Although a showing of bad faith is not necessary, a showing that removal was improper *ab initio* is required. *See Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).

Here, although the Court ultimately determined that removal was not proper, it cannot say that the removal was objectively unreasonable *ab initio*. At least some of the claims against CCCF arise under federal law and CCCF presented a non-frivolous argument as to why the removal fell under section 1441(c). Thus, the Court declines to award costs and fees to Mr. Wallin.

**IT IS THEREFORE ORDERED** that

(1) Mr. Wallin's Motion for Costs and Fees **(#91)** is **DENIED**.

(2) Mr. Wallin's Motions for Status **(#96, #98)** regarding his Motion for Costs are **DENIED AS MOOT**.

Dated this 16th day of February, 2010

                                                  **BY THE COURT:**

                                                  Marcia S. Krieger
                                                  United States District Judge